**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

American Federation of State, County and Municipal Employees, AFL-CIO, Local 3190,

Plaintiff,

v.

Maricopa County Board of Supervisor's, et al.,

Defendants.

No. CV-06-2128-PHX-SMM

**ORDER SETTING RULE 16 PRELIMINARY PRETRIAL CONFERENCE**

Pending before the Court is Defendants' Maricopa County Board of Supervisors, et al. ("Defendants") Motion for Enlargement of Hearing Date on Plaintiff's Motion for Preliminary Injunction. (Dkt. 23.) Previously the Court issued an Order scheduling Plaintiff's Motion for Preliminary Hearing to be heard on December 13, 2006. (Dkt. 22.) Lead counsel for Defendants states that he will be in trial on that date, and requests the Court to schedule the hearing for a later date. (Dkt. 23. at 1.) In addition, counsel for Defendants requests guidance as to whether the Court has scheduled "oral argument" or "an evidentiary hearing." (Id.)

For the purpose of expediting the resolution of logistical and procedural issues concerning Plaintiff's Motion for Preliminary Injunction,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion for Enlargement of Hearing Date on Plaintiff's Motion for Preliminary Injunction. (Dkt. 23.)

**IT IS FURTHER ORDERED VACATING** the December 13, 2006 hearing on Plaintiff's Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Preliminary Pretrial Conference is set for **November 15, 2006**, **at 4:00 p.m.** before the Honorable Stephen M. McNamee, in Courtroom #605, sixth floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona.

## * * * N O T I C E * * *

**IT IS FURTHER ORDERED:**

**1.** **COUNSEL WHO WILL BE RESPONSIBLE FOR PRESENTING ARGUMENTS IN FAVOR OF AND AGAINST PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION SHALL PERSONALLY APPEAR AND PARTICIPATE IN THE PRELIMINARY PRETRIAL CONFERENCE.** Bearing in mind that the main focus of this Preliminary Pretrial Conference is to expedite resolution of the Preliminary Injunction issue, counsel for all parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters which may be discussed.

2. **IN ADDITION TO COUNSEL OF RECORD, EACH PARTY, OR A REPRESENTATIVE OF EACH PARTY (WHO IS <u>NOT</u> COUNSEL OF RECORD) WITH BINDING SETTLEMENT AUTHORITY IF THE PARTY IS AN ENTITY, SHALL BE PRESENT AT THE PRELIMINARY PRETRIAL CONFERENCE. NO PARTY OR COUNSEL SHALL BE EXCUSED FROM PERSONALLY APPEARING**

**AT THE CONFERENCE WITHOUT PRIOR PERMISSION OF THE COURT. See Fed. R. Civ. P. 16(f).**

3. At the time of the Preliminary Pretrial Conference, counsel must be prepared to discuss what each of the parties must prove in order to prevail on their respective requests that injunctive relief be granted and denied.

4. Counsel should be also prepared to discuss logistical matters, including (i) whether an evidentiary hearing is necessary for the Court to decide the Motion for Preliminary Injunction; or (ii) whether oral argument alone is sufficient for the Court to decide the Motion for Preliminary Injunction.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least ten (10) days before the Preliminary Pretrial Conference, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, to discuss the following matters:

1. The possibility of consenting to a hearing on Plaintiff's Motion for a Preliminary Injunction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the suitability for referral of this particular matter to the District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or the reference of this particular matter to a special master;

2. The nature and bases of Plaintiff's request for preliminary injunctive relief and Defendants' defenses to Plaintiff's request for injunctive relief.

3. The possibilities for a prompt settlement or resolution to Plaintiff's request for preliminary injunctive relief;

4. A schedule of all proceedings (if any) that the parties agree should occur before a hearing is held on Plaintiff's request for preliminary injunctive relief;

5. Modification of such schedule due to the simplicity or complexity of the preliminary injunction issue;

6. Whether expedited discovery is necessary and, if so, the subjects on which expedited discovery may be needed;

7. Any other matters which counsel may feel will help provide for the resolution of Plaintiff's request for preliminary injunctive relief in an efficient manner.

**IT IS FURTHER ORDERED** that at the Rule 26(f) case management meeting, the parties shall **jointly** develop a **Proposed PI Management Plan** which shall include brief statements or proposals concerning:

1. The nature of the Plaintiff's request for, and Defendants' opposition to, Plaintiff's Motion for Preliminary Injunction, including brief statements of the factual and legal bases of Plaintiff's request and Defendants' defenses thereto;

2. A list of the elements of proof necessary for Plaintiff to prevail on its request for preliminary injunctive relief and each affirmative defense thereto. Where the burden of proof shifts, each party shall list the elements of the request or defense that the other party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3. With respect to Plaintiff's Motion for Preliminary Injunction only, the factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4. Whether the resolution of Plaintiff's request for preliminary injunctive relief will constitute a dispositive or partially dispositive issue in the case;

5. The status of related cases pending before other judges of this Court or before other courts;

6. Estimated date that the parties will be ready for a hearing on Plaintiff's Motion for Preliminary Injunction, the estimated length of such hearing, and whether witness testimony will be presented at the hearing or if the parties believe argument alone will be sufficient.

7. The prospects for settling the issue of whether Plaintiff should be granted preliminary injunctive relief; and

8. Any other matters which counsel feel will aid the Court in resolving the Preliminary Injunction issue in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that any deadlines to which the parties stipulate in the Proposed PI Management Plan shall fall on a Friday barring extenuating circumstances which make doing so impracticable.

**IT IS FURTHER ORDERED** that counsel shall jointly file their Proposed PI Management Plan with the Clerk of the Court **not less than five (5) business days** before the Preliminary Pretrial Conference. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for the Plaintiff to initiate the communications necessary to prepare the joint Proposed PI Management Plan. Once contacted by counsel for Plaintiff, counsel for Defendants shall act in an expeditious manner to effectuate the preparation of the PI Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that the Court, after consultation with counsel and the parties, will enter a Rule 16(b) Scheduling Order concerning, inter alia, a hearing on Plaintiff's Motion for Preliminary Injunction. To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Proposed PI Management Plan, the provisions of the Court's Order shall supersede the parties' Proposed PI Management Plan and shall control the course of this action unless modified by subsequent Order of this Court. The parties and their counsel are cautioned that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced.

**IT IS FURTHER ORDERED** that counsel review the requirements of LRCiv 7.1 and LRCiv 7.2, Rules of Practice of the United States District Court for the District of

Arizona ("Local Rules"), with their administrative/support personnel to ensure that all pleadings are in compliance with the rules.

**IT IS FURTHER ORDERED** that this Court views the Preliminary Pretrial Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 16 of the Federal Rules of Civil Procedure. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

**IT IS FURTHER ORDERED** that the Clerk of the Court send copies of this Order to all counsel of record and to all parties, if any, appearing in propria persona.

DATED this 1st day of November, 2006.

Stephen M. McNamee
United States District Judge