**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Federation of State, County and Municipal Employees, AFL-CIO, Local 3190,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>　　　　　　Defendants. | No. CV 06-2128-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  (Dkt. 21.)

## BACKGROUND

Plaintiff American Federation of State, County and Municipal Employees, AFL-CIO, Local 3190's ("Local 3190") Complaint alleges that Defendants Maricopa County (the "County") and Maricopa County Manager David Smith ("Smith") have prohibited "labor organizations, such as Local 3190 from using various public, designated public and limited public fora for communication with County employees and distribution of information about the Union" in violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983. (Dkt. 1 at ¶47.)

The Complaint further alleges that, "[b]y prohibiting labor organizations, such as Local 3190 from using public, designated public, limited public and non-public fora for

communication with County employees . . . but not imposing comparable restrictions on . . . . organizations . . . engaging in the same or similar political activities," Defendants "are interpreting and subjectively enforcing the County Policy on solicitation and posting in a discriminatory manner that violates the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983." (Id. at ¶50.)

Local 3190's Complaint seeks (1) a declaration that County Policies A1502 and A1917 regarding posting and solicitation in the workplace are facially unconstitutional and unenforceable under the First and Fourteenth Amendments (Count III); (2) a declaration that the manner in which the County and County Manager are interpreting and enforcing County Policies and Procedures A1502 and A1917 regarding posting and solicitation in the workplace violates the First Amendment and the Equal Protection Clause of the Fourteenth Amendments(Count IV); (3) an injunction prohibiting Defendants from enforcing County Policies and Procedures A1502 and A1917; and (4) attorneys' fees, expenses, and costs incurred under 42 U.S.C. § 1988 and 28 U.S.C. § 1920. (Dkt. 1 at 21-22 (C)-(F).)

## STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. See Neitzke, 490 U.S. at 327. On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. Usher, 828 F.2d at 561. A court is not required to accept legal conclusions cast in the

1  form of factual allegations if those conclusions cannot reasonably be drawn from the facts

2  alleged. <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th Cir. 1988). Because the

3  Court's review is limited to the factual allegations of the Complaint, it will exclude any

4  factual assertions made by either party in their briefs.

5  **DISCUSSION**

6  **A.    <u>First Amendment Claim</u>**

7          In Count III, Local 3190 alleges that Defendants have violated the First Amendment

8  by prohibiting "labor organizations, such as Local 3190, from using various public,

9  designated public and limited public fora for communication with County employees." (Dkt.

10  1 at ¶47.) Among other things, Local 3190 alleges that the "public, designated public and

11  limited public fora" include "[County] bulletin boards, lunch and break rooms, employee

12  lounges, meeting rooms, assigned employee mailboxes, and email," "the County intranet

13  website, the County Employee Benefits Fair, [County] employee pay envelopes or paychecks

14  and . . . common areas where County employees frequently congregate" (collectively, the

15  "County Fora"). (<u>Id.</u>, ¶21.)

16          Defendants contend Count III should be dismissed because "none of the purported

17  violations arise in a public forum" and, "where public fora and designated public fora exist

18  on County property, the County has not interfered at all with the Union's attempts to

19  communicate with County employees." (Dkt. 20 at 10.) The Court disagrees.

20          Taking the well-pled facts in Local 3190's Complaint as true, the Court finds that

21  Local 3190 has stated a First Amendment claim because whether the alleged County Fora

22  are "public, designated public and limited public <u>fora</u>" is inherently a factual question and

23  Local 3190 has alleged sufficient facts to withstand a motion to dismiss.

24          In <u>Cornelius v. NAACP Legal Defense and Educational Fund</u>, 473 U.S. 788, 800

25  (1985), the Supreme Court explained that it "has adopted a forum analysis as a means of

26  determining when the Government's interest in limiting the use of its property to its intended

27  purpose outweighs the interest of those wishing to use the property for other purposes." The

28  - 3 -

1   Supreme Court identified three types of fora:  traditional public fora such as streets and

2   parks, where speech has the highest level of protection; designated public fora in which the

3   government, if it chooses to allow speech, is bound by the same standards that apply to

4   traditional public fora; and nonpublic fora that the government may reserve "for its intended

5   purposes, communicative or otherwise, as long as the regulation on speech is reasonable and

6   not an effort to suppress expression merely because public officials oppose the speaker's

7   view."   Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n, 460 U.S. 37, 45-47 (1983)

8   (internal citations omitted).  The touchstone for determining whether government property

9   is a designated public forum is the government's intent in establishing and maintaining the

10  property.  Cornelius, 473 U.S. at 802.  Moreover, in "determining when the government's

11  interest in limiting the use of its property to its intended purpose outweighs the interest of

12  those wishing to use the property for other purposes," id. at 800, the Court "must examine

13  the terms on which the forum operates," including fact-specific terms, such as government

14  intent, and the policy and practice of the government.  Hooper v. City of Pasco, 241 F.3d

15  1067, 1075 (9th Cir. 2001).

16       The Cornelius factors require a court to look at the character of the forum in the nature

17  of the property, its compatibility with expressive activity, and the consistent policy and

18  practice of the government.  A number of forum cases emphasize the importance of these

19  objective indicia of intent and the fact that consistent practice can, on occasion, overcome

20  a bare statement of intent to the contrary.  See e.g., Perry, 460 U.S. at 47 ("[t]he use of the

21  internal school mail by groups not affiliated with the schools is no doubt a relevant

22  consideration.  If by policy or by practice the Perry School District has opened its mail

23  system for indiscriminate use by the general public, then [plaintiff] could justifiably argue

24  a public forum has been created."); Hazelwood School District v. Kuhlmeier, 484 U.S. 260,

25  269 (1988) (school newspaper published by journalism class found to be a nonpublic forum

26  on the basis of the district court's "factual findings" about the degree to which the class

27  instructor actually controlled the details of publication).

28

A court applying the tenets of these cases to a motion under Rule 12(b)(6) "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); accord Conley, 355 U.S. at 45-46.  Moreover, where government action is challenged on First Amendment grounds, a court should be especially "unwilling to decide the legal questions posed by the parties without a more thoroughly developed record of proceedings in which the parties have an opportunity to prove those disputed factual assertions upon which they rely." City of Los Angeles v. Preferred Communications, 476 U.S. 488, 494 (1986).  Local 3190 has alleged facts clearly stating that the County has a practice – if not a policy – of "permitting" various types of First Amendment activity to take place in County Fora but has interfered with Local 3190's attempts to communicate with County employees in the very same fora.  See Dkt. 1 at ¶¶18-20, 33-34, 50.  Because identifying the County's intent, policies and practices in the present case will raise inherently factual issues that cannot be resolved on a Rule 12(b)(6) motion, the Court will deny Defendants' Motion to Dismiss Count III of the Complaint.[1]

**B.**   **Equal Protection Claim**

In Count IV, Local 3190 alleges that Defendants have violated the Equal Protection Clause of the Fourteenth Amendment by prohibiting labor organizations, such as Local 3190, "from using public, designated public and non-public fora" to communicate with County employees, but "not imposing comparable restrictions on individuals, corporations, associations, organizations, or other entities engaging in the same or similar political activities, speech, assembly and petitioning of the government." (Dkt. 1 at ¶50.) Defendants

---

[1]   Although the Court previously granted Local 3190's Application for a Preliminary Injunction based on factual evidence presented by Local 3190, all extraneous documents outside the pleadings have been *excluded* from the Court's determination of whether Defendants' Motion to Dismiss should be granted.  North Star Int'l v. Arizona Corporation Comm'n, 720 F.2d 578, 582 (9th Cir. 1983) ("a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleading happen to be filed with the court and not expressly rejected by the court").

1   argue that Count IV fails to state a claim for relief because "the Union offers *no evidence* that

2   in truly public areas the County has discriminatorily applied its solicitation policy against

3   them." (Dkt. 20 at 13, emphasis added.)  The Court rejects Defendants' argument.

4          At this stage of the litigation, the Court must accept Local 3190's well-pleaded

5   allegations as true. Hishon, 467 U.S. at 73.  A complaint may not be dismissed for failure

6   to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in

7   support of [the] claim which would entitle [the plaintiff] to relief." Usher, 828 F.2d at 561

8   (citation omitted).  In the present case, Local 3190 has alleged that Defendants are

9   prohibiting labor organizations from using public and designated public fora to communicate

10  with County employees, but have not imposed comparable restrictions on other

11  organizations.  Because it is not clear, as a matter of law, that no relief could be granted

12  under any set of facts that could be proved consistent with Local 3190's allegations, the

13  Court will deny Defendants' Motion to Dismiss Count IV of the Complaint. See Police Dept.

14  of City of Chicago v. Mosley, 408 U.S. 92, 96 (1972) ("under the Equal Protection Clause,

15  not to mention the First Amendment itself, government may not grant the use of a forum to

16  people whose views it finds acceptable, but deny use to those wishing to express less favored

17  or more controversial views").

18                                    **CONCLUSION**

19          For the reasons set forth above, the Court will deny Defendants' Motion to Dismiss.

20          **IT IS HEREBY ORDERED DENYING** Defendants' Motion to Dismiss Plaintiff

21  American Federation of State, County and Municipal Employees, AFL-CIO, Local 3190's

22  Complaint.  (Dkt. 21.)

23          DATED this 14th day of March, 2007.

24

25

26

27                                    _____
                                      Stephen M. McNamee
                                      United States District Judge

28                                    - 6 -